**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 16 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ALEX FRANCISCO PEREZ-CARRANZA, | No. 15-73835 |
| Petitioner, | Agency No. A200-885-250 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 7, 2022**
Seattle, Washington

Before: NGUYEN, MILLER, and BUMATAY, Circuit Judges.

Alex Francisco Perez-Carranza, a native and citizen of Honduras, petitions

for review of a decision of the Board of Immigration Appeals dismissing his appeal

from an immigration judge's denial of his asylum application. We have jurisdiction

under 8 U.S.C. § 1252, and we deny the petition.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

An asylum applicant must establish a nexus between the persecution suffered or feared and a protected ground, such as "nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A). Two major events form the basis of Perez-Carranza's claim of persecution. First, before he left Honduras, he was attacked by members of the 18th Street Gang as revenge for his relationship with one of their ex-girlfriends. Second, almost a decade after Perez-Carranza came to the United States, his brother-in-law cooperated with the Honduran police to thwart an extortion attempt by the same gang. Perez-Carranza argues that he suffered or will suffer gang-related persecution on account of his membership in two groups: "Family members of [his sister] who have resided with her in San Miguel" or "household family members of those who have testified against or provided information useful in prosecution of Honduran gang members." The Board disagreed, reasoning that "personal dispute[s]" and "[g]eneral criminal activity of the sort [Perez-Carranza] and his family members suffered and fears does not provide a sufficient nexus to an enumerated ground."

We review the Board's determination for substantial evidence. *Garcia v. Wilkinson*, 988 F.3d 1136, 1142 (9th Cir. 2021). Under that standard, we must accept the Board's factual findings "unless the evidence in the record compels a contrary conclusion." *Arteaga v. Mukasey*, 511 F.3d 940, 944 (9th Cir. 2007); *see* 8 U.S.C.

2

§ 1252(b)(4)(B). Because the Board assumed without deciding that the proposed social groups are cognizable, we do the same.

Substantial evidence supports the Board's conclusion that Perez-Carranza has not established a nexus between familial membership and gang violence or extortion. Perez-Carranza acknowledged that the gang attacked him because of "a personal dispute." However, personal disputes unconnected to a protected ground cannot form the basis for asylum. *Molina-Morales v. INS*, 237 F.3d 1048, 1051–52 (9th Cir. 2001); *Pagayon v. Holder*, 675 F.3d 1182, 1191 (9th Cir. 2011) (per curiam). Likewise, there may be a risk that gangs will retaliate against those who cooperate with police. But Perez-Carranza has twelve siblings, nine of whom still live in Honduras and most of whom have never been threatened by the 18th Street Gang. Indeed, even among those members of his family who have lived with his sister in San Miguel, most have not been threatened. And no one in the family has been targeted since 2012. Accordingly, the record does not compel the conclusion that Perez-Carranza has a reasonable fear of future persecution on account of his membership in either proposed social group.

All pending motions are denied as moot.

**PETITION DENIED.**